IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



PHYLLIS MARIE WEBSTER,       )
                             )
            Petitioner,      )   Criminal Case No. 1:08CR468
V.                           )   Civil Action No. 1:12CV1187
                             )
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )
_____)

## MEMORANDUM OPINION

This case comes before the Court on Phyllis Marie Webster's ("the Petitioner") Motion To Vacate, Set Aside and/Or Correct His Sentence Pursuant to Title 28, U.S.C. Section 2255.

The Petitioner claims that her trial counsel was ineffective, and the Court conducted an insufficient Rule 11 plea hearing, because her prior conviction in 2002 statutory phrase dealt with the guidelines application regarding cocaine and did not consider the statutory phrase for enhancement purposes. It is difficult to understand exactly what the Petitioner is trying to state, but it is clear that she challenges the validity of her 2002 drug trafficking conviction from the United States District Court in the District of Columbia used to enhance her mandatory minimum sentence in this

case from ten (10) years to twenty (20) years. There is no defect with her 2002 drug trafficking conviction in the United States District Court for the District of Columbia. She was properly sentenced in this case to 20 years imprisonment. <u>See</u> 18 U.S.C. §§ 841(b)(1)(A), 851.

The Petitioner pled guilty pursuant to a written Plea Agreement with the Government on December 1, 2008. The statutory base minimum sentence upon a conviction for conspiring to possess with the intent to distribute more than 5 kilograms of cocaine is 10 years. 18 U.S.C. §§ 841(b)(1)(A). However, "[I]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years…." <u>Id.</u> The Petitioner was aware of the sentencing consequences when she entered her plea and when she was sentenced on this conviction. Paragraph 1A. of the Petitioner's Plea Agreement states the following:

> 1A. <u>Prior Felony Drug Offense Convictions</u>
>
> The government agrees to withhold the filing of one Criminal Information pursuant to 21 U.S.C. '851 concerning the defendant=s prior felony drug convictions. The defendant understands that the government will file a criminal information concerning a second felony drug conviction pursuant to 21 U.S.C. '851 thereby increasing the mandatory minimum sentence to 20 years as set forth in paragraph 1.

2

This consequence of the Petitioner's Plea Agreement is also noted in paragraph 2 of the pre-sentence report.

The Petitioner also has a conviction from 1988 for possession with the intent to distribute cocaine. The Government agreed to withhold an Information concerning this conviction. Otherwise, the Petitioner's sentence would have been a mandatory life sentence by statute.

The facts leading to the Petitioner's arrest in this case are straightforward. The Petitioner pled guilty to an offense of conspiring to possess with the intent to distribute 5 or more kilograms of cocaine between April 2006 up to an including the date of her arrest on October 29, 2008. On or about October 29, 2008, and pursuant to an ongoing DEA investigation involving confidential informants and other investigative methods, the Petitioner agreed to purchase 5 kilograms of cocaine from a confidential government source (CS). They agreed upon price for the 5 kilograms of cocaine was $110,000.00, with the petitioner agreeing to pay one-half, or $55,000.00, at the time of delivery and the remainder when she re-sold the cocaine. The Petitioner stated that she could re-sell the 5 kilograms quickly, thereby re-paying the CS the remaining $55,000.00 quickly. However, after the Petitioner exchanged the $55,000.00 in cash for the 5

kilograms of cocaine, she was promptly arrested by DEA agents monitoring the drug transaction. After her arrest, an additional $10,000.00 in cash was seized from the Petitioner's car and $14,000.00 and drug paraphernalia was seized from her home.

On October 9, 2002, the Petitioner was sentenced upon her guilty pleas on May 4, 2000, to three drug trafficking counts pursuant to 18 U.S.C. §§ 841(a)(1) and 846 in an Indictment returned in the United States District Court for the District of Columbia. As explained in the pre-sentence report filed in the instant case, the Petitioner was involved with a significant drug trafficking organization. Prior to the entry of the Petitioner's guilty plea in this case, the United States filed a thirteen page Information concerning her prior conviction pursuant to 18 U.S.C. §851. The Information contained a certified copy of the Judgment for the 2002 D.C. conviction as well as a copy of the charging document in that case.

"Under 28 U.S.C. §2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to

4

collateral attack." Cameron v. United States, 2008 WL 1984254, *1 (E.D.Va. 2008) (citing 28 U.S.C. §2255; Hill v. United States, 368 U.S. 424, 426-27 (1962)). Petitioner bears the burden of proof by a preponderance of the evidence. Id. at *1 (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

Claims of ineffective assistance of counsel are evaluated by the rigorous two-pronged test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The first prong addresses a counsel's professional competence. To meet this standard, a defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," i.e., "prevailing professional norms." Strickland, 466 U.S. at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir.), cert. denied, 543 U.S. 983 (2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir.), cert. denied, 522 U.S. 833 (1997). For a defendant to overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." See

5

Strickland, 466 U.S. at 689. The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. The Court noted in particular that the reasonableness of a counsel's actions often depend on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691.

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. See Strickland, 466 U.S. at 687, 693. Errors in a Sentencing Guidelines determination, resulting in an increased prison term, have been found to establish Strickland prejudice. Glover v. United States, 531 U.S. 198, 200 (2001).

The Fourth Circuit has labeled the two prongs of the Strickland test as the "performance prong" and the "prejudice prong." See Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either

deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." See Fields, 956 F.2d at 1297; Strickland, 466 U.S. at 697; Terry, 366 F.3d at 315; and Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983). The Petitioner cannot satisfy either prong of Strickland and her Motion should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
December 17, 2012

7